## No. 33.—J. M. Juillard v. Marx Baer.

A warehouse keeper gave a receipt to the depositor for cotton received on storage "with the stipulation in the receipt 'to be delivered in the same condition and order on presentation of this receipt or order.'" The depositor subsequently received a portion of the cotton, for which he gave a receipt. Held—That the presentation of the order and the delivery of a part of the cotton was a sufficient putting *in mora* of the whole amount to be delivered.

APPEAL from the Tenth Judicial District, parish of Caddo. *Weems, J. Wright & Duncan,* for plaintiff and appellee. *Looney & Wells,* for defendant and appellant.

TALIAFERRO, J. The plaintiff sues the defendant on the following obligation :

"Received in good order and condition, for storage on my plantation, six miles above this place, for account of Mr. J. M. Juillard, of Paris, France, to be delivered in the same condition and order *on presentation of this receipt or order* (fire and war risks excepted) at the port of Shreveport, Louisiana, marks JJ., one to sixty-eight—(68) sixty-eight bales of cotton (32,000 pounds).

"M. BAER.

SHREVEPORT, LA., March 1, 1865."

The plaintiff on the twenty-seventh June following, indorsed upon this instrument the following :

"SHREVEPORT, June 27, 1865.

"Received from Mr. M. Baer, forty-six bales of cotton weighing 19,345 pounds, purchased of him.

"JUILLARD."

And below this indorsement Baer signed the following obligation :

"SHREVEPORT, June 27, 1865.

"I do hereby bind myself to deliver to Mr. J. M. Juillard 12,655 pounds of cotton, the balance due on the within bill of sale, within

thirty days from date, said cotton to be delivered to Mr. J. Juillard in Shreveport, free of charges, in bales and in good shipping order and condition.

.  . .                                                      "M. BAER."

The defendant filed a general denial. He avers that the contract was illegal and contrary to the laws of the United States, and contrary to good morals.

The plaintiff had judgment and the defendant appealed.

We see no force in the defense. It is not shown by proof that there was illegality in the contract. The ground taken in argument on the question of putting in delay is entitled to more consideration, but we are inclined to the opinion there was a sufficient putting in delay. The receipt "to be presented" as preliminary to the delivery, we doubt not was presented at the time the forty-six bales of cotton were delivered. This was a putting *in mora* for the whole amount to be delivered, and as the extension of thirty days was for the benefit of the defendant, no further demand or putting *in mora* was required.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.